UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

UNITED STATES OF AMERICA,

                                                    **ORDER**
                    - against -                     22-CR-381 (MKB)

MURPHY BONEY,

                          Defendant.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Murphy Boney pled guilty on July 25, 2023 to one count of possessing and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(A)(ii).  (Indictment 3, Docket Entry No. 22; Min. Entry dated July 25, 2023.)  On February 6, 2024, the Court sentenced Boney to eighty-four months of imprisonment, to be followed by two years of supervised release.  (J., Docket Entry No. 45.)  The Court also ordered Boney to pay restitution in the amount of $5,950.  (*Id.*)

On November 4, 2024, Boney filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), in part, based on the fact that earlier in 2024, he suffered a heart attack and stroke.  (Def.'s Mot. for Compassionate Release ("Def.'s First Mot."), Docket Entry No. 53.)  On December 10, 2024, the Court denied Boney's first motion.  (Memorandum and Order, Docket Entry No. 57.)

Boney had a second stroke in March of 2026, and on April 16, 2026, Boney filed a second motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[1]

---

[1] (Def.'s Second Mot. for Compassionate Release ("Def.'s Second Mot."), Docket Entry No. 60; Medical Records Apr. 2025 to Apr. 2026, Docket Entry No. 61; Medical Records Oct. 2024 to Mar. 2025, appended to Medical Records Apr. 2025 to Apr. 2026, Docket Entry No. 61-

On May 4, 2026, the government opposed Boney's motion.[2]

For the reasons stated below, the Court grants Boney's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[3]

## I.   Discussion

"[O]ther than the limited exceptions provided by statutes . . . courts are not free to modify sentences at will." *United States v. Martin*, 974 F.3d 124, 135 (2d Cir. 2020); *United States v. Boyle*, No. 03-CR-970, 2024 WL 4836339, at *2 (E.D.N.Y. Nov. 20, 2024) ("A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." (quoting *United States v. Applewhite*, No. 17-CR-142, 2020 WL 7356615, at *3 (E.D.N.Y. Dec. 15, 2020))), *aff'd*, No. 24-3269 (2d Cir. Apr. 20, 2026). "A district court may, in an exercise of its discretion, reduce an inmate's term of imprisonment by granting a motion brought under 18 U.S.C. § 3582(c)(1)(A) — the 'compassionate release' provision . . . ." *United States v. Van Der End*, No. 21-2079, 2023 WL 193633, at *1 (2d Cir. Jan. 17, 2023) (summary order). "[T]here are three requirements that must be satisfied before a court can grant such relief" — namely, (1)

---

1; Ltr. dated Apr. 9, 2026 from K. Boney-Caver, annexed to Def.'s Second Mot. as Ex. H, Docket Entry No. 68; Reply in Supp. of Def.'s Second Mot. ("Def.'s Reply"), Docket Entry No. 66; Decl. of Michael Glover, annexed to Def.'s Reply as Ex. A.)

[2] (Gov't Opp'n to Def.'s Second Mot. ("Gov't Opp'n"), Docket Entry No. 64; Bureau of Prisons ("BOP") Record, annexed to Gov't Opp'n as Ex. A, Docket Entry No. 64-1; Medical Records, annexed to Gov't Opp'n as Ex. B-1, Docket Entry No. 65-1; Medical Records Con't, annexed to Gov't Opp'n as Ex. B-2, Docket Entry No. 65-2.)

[3] The Court acknowledges the New York State parole detainer currently lodged against Boney. (*See* Def.'s Ltr. re: Contacts with New York State Parole, Docket Entry No. 76; Def.'s Ltr. re: New York Parole Update, Docket Entry No. 77.) According to defense counsel, if the Court grants compassionate release, "the transit unit of [the New York Department of Corrections and Community Supervision] will promptly travel to Minnesota and bring [Boney] to New York, most likely by airplane, given his medical condition" and within forty-eight hours of his arrival, Boney will "see a New York State Supreme Court judge . . . for a recognizance hearing, where the court will determine if he is to be released or detained during the pendency of his parole violation." (Def.'s Ltr. re: New York Parole Update 1 (citing N.Y. Exec. L. § 259-I(3)(a)(iv)).)

"absent waiver or forfeiture by the government, an inmate must exhaust administrative remedies by requesting such relief from prison authorities"; (2) "a court must 'consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable'"; and (3) "the inmate must demonstrate that his proffered circumstances are indeed 'extraordinary and compelling' such that, in light of these § 3553(a) factors, a sentence reduction is justified under § 3582(c)(1)(A) and would not simply constitute second-guessing of the sentence previously imposed." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam) (second and third alterations in original) (quoting 18 U.S.C. § 3582(c)(1)(A)); *see, e.g.*, *United States v. Seabrook*, No. 23-6279, 2025 WL 3484616, at *2 (2d Cir. Dec. 4, 2025) (summary order) (quoting *id.*); *see also Rutherford v. United States*, 608 U.S. ---, ---, 146 S. Ct. 1320 (2026) (affirming that a court may grant compassionate release after considering whether "'extraordinary and compelling' reasons [ ] 'warrant' compassionate release" and considering the factors set forth in 18 U.S.C. § 3553(a)).[4]

---

[4] On May 5, 2026, Boney submitted a formal request for compassionate release to the Warden of the facility where he is serving his time, in relation to his second stroke. (Def.'s Reply 4; *see* Def.'s Ltr. dated June 5, 2026, Docket Entry No. 72; May 2026 Warden Compassionate Release Denial Ltr., annexed to Def.'s Ltr. dated June 5, 2026 as Ex. A.) On May 15, 2026, the Warden denied Boney's request stating "[w]e will not be pursuing a request for early release in your case as you were found to have a detainer or pending charges" and "[i]f circumstances change for you and/or your detainer/pending charges are lifted, you can certainly resubmit your request." (May 2026 Warden Compassionate Release Denial Ltr. 1.)

The Court excuses Boney's failure to appeal the Warden's denial and waives exhaustion of his administrative remedies finding that exhaustion is futile as the BOP would not be able to resolve the New York State detainer issue while Boney serves his time at FMC Rochester, an administrative security federal medical center, located in Rochester, Minnesota. *See United States v. Johnson*, 671 F. Supp. 3d 265, 270–72 (E.D.N.Y. 2023) (waiving the exhaustion requirement finding exhaustion was "futile" and the "administrative process would be incapable of granting adequate relief" (quoting *Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019))); *United States v. Perez*, 451 F. Supp. 3d 288, 291–93 (S.D.N.Y. 2020) (same); *see also United States v. Saladino*, 7 F.4th 120, 123–24 (2d Cir. 2021) (holding the exhaustion requirement is a "claim-processing rule" which "may be waived or forfeited"). Moreover, the Government has not raised an objection or made an argument regarding Boney's exhaustion following the Warden's denial.

3

First, the Court finds that there are "extraordinary and compelling circumstances" present under U.S.S.G. § 1B1.13(b)(1)(B). *See Keitt*, 21 F.4th at 71 ("Section 3582(c)(1)(A) authorizes a court to reduce a previously imposed term of imprisonment upon finding that 'extraordinary and compelling reasons warrant such a reduction.'" (quoting 18 U.S.C. § 3582(c)(1)(A)(i))); *see also United States v. Whittaker*, No. 25-1337, 2026 WL 1256069, at *1 (2d Cir. May 7, 2026) (summary order) (same). U.S.S.G. § 1B1.13(b)(1)(B) states that extraordinary and compelling reasons exist where "[t]he defendant is suffering from a serious physical or medical condition, . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*; *see also United States v. Moses*, 768 F. Supp. 3d 497; 501 (W.D.N.Y. 2025) (quoting *id.*); *United States v. Garcia*, 758 F. Supp. 3d 47, 51–52 (E.D.N.Y. 2024) (quoting same). As a result of Boney's second stroke, which occurred in March of 2026, Boney suffers from left-side paralysis, which causes severe weakness in his left extremities, is "wheelchair-bound," and requires assistance ambulating, transferring out of bed, washing and dressing his lower half, toileting, showering, and more. (Def.'s Mem. 5–6, 9, 12, 18–20; Def.'s Reply 5–7; *see also* Decl. of Michael Glover 2 (letter from Boney's former cellmate who reported Boney's significant reliance on Glover and other inmates to provide daily self-care); *see generally* Medical Records Apr. 2025 to Apr. 2026; Mayo Clinic Medical Records, appended to Defense Counsel Ltr. dated June 9, 2026, Docket Entry No. 73-1.) In addition, he "requires 60-90 minutes of physical therapy, five days a week, 60-90 minutes of occupational therapy, five days a week, . . . and Plavix blood thinner for the rest of his life." (Def.'s Mem. 12.) The Court finds that "extraordinary and compelling circumstances" exist due to Boney's serious physical and medical conditions which "substantially diminishes" his ability to provide self-care and from which, based on the information before the Court, it appears that he "is not expected to recover from"

4

his current circumstances.  U.S.S.G. § 1B1.13(b)(1)(B); *see United States v. Gluzman*, No. 98-CR-323, 2020 WL 4233049, at *14 (S.D.N.Y. July 23, 2020) (finding "extraordinary and compelling" circumstances where the defendant, who had suffered several strokes and was wheelchair-bound, established a "substantial diminution in the ability to provide self-care" based on her self-reported "inability to care properly for [her]self, [ ] frequently having to rely on help [from her] sick roommates to get dressed, to put stockings [on], [and] to hook up [her] oxygen machine" (alterations in original) (internal quotation marks omitted)); *cf. United States v. Andrews*, No. 04-CR-1232, 2024 WL 2959310, at *3–4 (S.D.N.Y. June 11, 2024) (denying compassionate release where the defendant, who was wheelchair bound and suffered from a stroke that left him partially paralyzed, failed to "demonstrate[] a diminished ability to provide self-care within the [BOP] facility"); *United States v. Korn*, Nos. 15-CR-81S, 11-CR-384S, 2020 WL 1808213, at *6 (W.D.N.Y. Apr. 9, 2020) (finding that although the defendant suffered from a serious heart condition, he "failed to show that he is suffering from a medical condition that substantially diminishe[d] his ability to provide self-care in the correctional environment" because he was able to "walk with a cane, dress, bathe, eat, and perform his other activities of daily living independently").

Second, the Court's finding that "extraordinary and compelling" circumstances exist is supported by the factors listed in 18 U.S.C. § 3553(a) (the "3553(a) factors").  The Court considers Boney's serious physical condition, the lack of medical evidence indicating that his health will improve, at least in the near future, and that he currently has served approximately forty-six of his eighty-four-month mandatory minimum sentence, or approximately 55%. Therefore, the Court finds the 3553(a) factors implicating deterrence concerns, risk of recidivism, need to provide punishment, and need to protect the public weigh in favor of granting compassionate release as it is highly unlikely, under the circumstances, that Boney would be able

to commit a similar crime or present a danger to society. *See United States v. Castillo*, No. 03-CR-979, 2026 WL 444695, at *3 (S.D.N.Y. Feb. 17, 2026) (finding the 3553(a) factors weighed in favor of granting compassionate release given Castillo's "current weakness and deteriorating health" mitigated any concerns involving recidivism, deterrence, risks to the community); *United States v. Vasquez*, No. 08-CR-65, 2021 WL 681174, at *2–3 (E.D.N.Y. Feb. 22, 2021) (finding the 3553(a) factors weighed in favor of granting compassionate release given Vasquez's "deteriorating medical condition" as a result of various medical conditions, including a stroke which left him partially paralyzed and dependent on a walker, and that he had served a "significant portion" of his sentence); *cf. Andrews*, 2024 WL 2959310, at *4 (finding the 3553(a) factors militated against release where the defendant's circumstances had not changed except his medical conditions, he had shown "continued [ ] disrespect for the law while incarcerated," his sentence was a "culmination of the [d]efendant's long history of serious and violent criminal conduct," and he never "express[ed] any remorse or t[ook] any responsibility").

Accordingly, the Court grants Boney's motion for compassionate release and reduces his term of incarceration to time served. He shall immediately be released from custody into home confinement. Upon his release, Boney's two-year term of supervised release shall immediately commence, and he shall remain subject to all conditions of supervised release imposed as part of the original judgment. In addition, the Court orders that Boney shall remain confined to the home of Katrina Boney-Carver, Boney's sister, in Atlanta, Georgia, for the entirety of his two-year term of supervised release.[5] During this period of home confinement, Boney is permitted to leave his sister's residence only to seek medical care and treatment: (1) if a planned medical

---

[5] Boney does not object to the imposition of this condition. (*See* Def.'s Mem. 18 ("If the Court deems necessary, [] Boney has no objection to a special condition of home confinement other than for medical visits.").)

visit, it should be reported to Probation in advance; and (2) if an unplanned or emergency medical visit, it should be reported to Probation shortly afterward. *See* 18 U.S.C. § 3582(c)(1)(A) ("[T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or *supervised release with or without conditions* that does not exceed the unserved portion of the original term of imprisonment)." (emphasis added)); *United States v. Demeo*, 17-CR-545, 2022 WL 142345, at *5 (E.D.N.Y. Jan. 15, 2022) (granting motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), reducing the defendant's term of imprisonment to time served, and ordering that he immediately begin serving his term of supervised release with a special condition of home confinement with the exception of attending medical appointments); *United States v. Seshan*, No. 14-CR-620, 2021 WL 5861228, at *5 (S.D.N.Y. Dec. 10, 2021) (same); *United States v. Smith*, 454 F. Supp. 3d 310, 315–16 (S.D.N.Y. 2020) (same); *see also United States v. Gileno*, 455 F. Supp. 3d 1, 7 (D. Conn. 2020) (same).

Dated:  June 29, 2026
       Brooklyn, New York

SO ORDERED:

                      /s/MKB
                  MARGO K. BRODIE
                  United States District Judge